IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| POND SUPPLIES OF AMERICA, INC., an Illinois company, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. 05 C 204 |
| TRINITY CAPITAL, INC., an Oklahoma company, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff moves to remand. That motion is denied.

The complaint alleges that plaintiff overpaid defendant by $65,315 and seeks a declaration to that effect. If that were all that plaintiff sought, its motion would be well-founded. The declaration could serve as a basis for a recovery of the overpayment, less than the $75,000 jurisdictional amount in this diversity action (interest does not count).

But that is not all that plaintiff seeks. It wants a declaration that the leases from defendant are fully paid, that the equipment has only nominal value, and that it owns the equipment. So what is the "pecuniary result" that flows to the plaintiff from the court's granting injunctive and declaratory relief? *See* America's Money Line, Inc. v. Coleman, 360 F.3d 782, 786 (7th Cir. 2004).

If plaintiff wins, it will avoid paying $82,044.89, the balance remaining on the leases. It will also own the equipment. Perhaps, as it contends, the equipment does not have much value to defendant because the molds are custom-designed and cannot be resold to another. But those molds are obviously valuable to plaintiff – it alleges that they are critical to its

ongoing business operations. It is reasonable to infer that "critical" molds for which plaintiff was paying almost $10,000 per month have a value to plaintiff well in excess of that.

James B. Moran

**JAMES B. MORAN**
Senior Judge, U. S. District Court

March 21, 2005.